## THE STATE OF KANSAS v. ROBERT WHITE.

1. CONFESSION OF ACCUSED; *When Voluntary, Admissible in Evidence.* A criminal offense was committed in the city of Lawrence. On the next day the defendant was arrested therefor by the city marshal, but was immediately discharged. In eight or nine days thereafter the defendant was again arrested by the marshal, who at this time said to the defendant that "it would be better for him [the defendant] to make a clean breast of it, and tell me [the marshal] all about it." The marshal testified on the trial of this case that he may have said more than this by way of inducement to the defendant to confess; but another witness who was present and heard all of the conversation between the marshal and the defendant, testified that this was all that was said by by the marshal for that purpose. What the defendant said is not shown, but the defendant himself testified that he made no confession at that time, or at any other time. Afterward, but on the same day, the defendant was put into the custody of a constable to be taken to the county jail. While on their way to the jail, by the way of the defendant's mother's house, the defendant made a confession of his guilt to the constable. The constable was not present at the interview between the defendant and the marshal, and no one was present at the time the defendant made his confession to the constable, except the defendant himself. No inducement was at any time held out to the defendant to confess, except the foregoing language of the marshal. *Held,* That said confession must be considered as having been voluntarily made,

and that the trial court did not err in permitting said constable to testify on the trial concerning it.

2. AFFIDAVIT OF PARTY, *Read as Deposition; Instructions.* An affidavit purporting to state what the evidence of four absent witnesses would be, if present, was read on the trial by the defendant in a criminal prosecution, upon an agreement of the county attorney that such affidavit might be read to the jury *as the deposition* of such witnesses. Afterward the court refused (though requested to do so by the defendant,) to instruct the jury to treat said alleged evidence as though said witnesses had been personally present at the trial, and had testified to such evidence on the witness stand: *Held,* Not error.

### Appeal from Douglas District Court.

WHITE was charged by information with the crime of rape, on one M. D., a girl fourteen or fifteen years of age. The crime was alleged to have been committed on 28th May 1875. Plea, not guilty. Trial at the October Term 1875. Verdict, guilty. New trial refused, and defendant sentenced to imprisonment in the penitentiary for the term of twelve years. From this judgment and sentence defendant appeals to this court. But two questions are raised, upon which the facts are stated in the opinion.

*N. Hoysradt,* for appellant.

*Nevison & Alford,* for The State.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution for rape. The defendant was convicted, and sentenced, and he now appeals to this court. On the trial it was shown that the defendant made a confession. Whether this confession was voluntary, or not, is the first question presented to this court. The confession was made to one A. J. Phillips, who was at the time a constable, and had the defendant in charge. There is no claim that said confession was made because of anything said or done by Phillips, or in Phillips' presence. But it is claimed that the said confession was made because of threats, promises, or inducements previously held out to him by one Samuel Walker. The evidence upon this subject is as fol-

lows. Said Samuel Walker, who was a witness for the state, testified, among other things:

"I was marshal of the city of Lawrence in May 1875. I remember the rape at Mr. Gunn's, in that month, and examined the premises the next day, and then three or four hours after the examination I saw the defendant. I sent policeman Brockelsby to bring him to me. Nobody said to him anything about this rape that day in my presence. * * * I had him arrested again in eight or nine days, and brought to me at the calaboose of the city by one of the policemen, either Brockelsby, or Schott, I forget which. He was brought into the calaboose where I was sitting, and sat down beside me, and put his hand on my shoulder, and asked me if I had had him arrested for that affair over at Mr. Gunn's. I then told him it would be better for him to make a clean breast of it, and tell me all about it. It is my best impression that I told him, if he would make a clean breast of it, and tell me all about it, I would do all I could to get him out of it. I am not certain that I promised him I would do all I could to get him out of it, but that is my recollection; and I know I did make some such statement as that to prisoners when I was trying to get them to make confession. I know and am certain that I told him that it would be better for him to make a clean breast of it, and tell me all about it. He was then in my custody, in the calaboose of the city of Lawrence, I having charge of him as marshal of the city."

John Schott, who was the officer who arrested the defendant the second time, and who took him before said Walker, testified on the part of the state among other things as follows:

"Colonel Walker, the marshal of the city, had me arrest the defendant on this charge, and take him to the calaboose. I then went and got Walker. We went into the calaboose, and Walker had a conversation with the defendant. I was present at the conversation all the time. Walker told him he was arrested for the affair at Mr. Gunn's, and told him he had better make a clean breast of it, and tell the whole truth about it. I did not hear Walker tell him that if he would make a clean breast of it he would do all he could to get him out of it. I don't think he told him so. I was present all the time, and I did not hear him say so. If he had said so, I should have heard it."

32—17 KAS.

No evidence was introduced concerning any confession made by the defendant to Walker, or in Walker's presence, and the defendant himself testified in his own behalf that he never made any such confession. Said conversation between Walker and the defendant was at the city calaboose. The defendant was afterward taken to the police court-room, where he was afterward transferred from the custody of marshal Walker to the custody of constable Phillips. Phillips afterward, but on the same day, took the defendant to the county jail. Phillips testified among other things as follows:

· "I remember when the defendant was arrested. I had some conversation with him after the arrest. I was then on Vermont street, in the city of Lawrence. Nobody was with me but the defendant. I was constable of the city of Lawrence, and had him in custody under a mittimus, and was taking him to jail. I had been in the country, and came in from the country, and took him from marshal Walker's custody at the police court-room, to take him to jail. This was on the first day he was arrested. I understood he had been brought from the city calaboose to the police court-room, where he was turned over to my custody, to take him to jail. After I took him in custody to take him to jail, he asked me to take him to his mother's, and I was on the way to his mother's house before going to the jail, when he made a statement to me. The defendant said he hoped he would get justice. I asked him what he had been doing. He said," etc.; [here follows his confession.]

The defendant seems to have been a man of mature years. He testified for himself; and, although a colored man, he seems to have had sufficient intelligence as not to have been easily overcome by inducements. Taking the whole of the evidence together, it would seem to us that said confession was undoubtedly voluntary. It was eight or nine days after the offense was committed, and after the defendant was first arrested therefor, before said confession was made. And then the only thing shown to have been held out to induce him to make a confession of any kind, was the language of marshal Walker at the calaboose, that "it would be better for him to

make a clean breast of it and tell me [Walker] all about it."
Schott testifies that this was all that was said by Walker.
Walker does not say positively that anything further was
said; and no one else testifies concerning the matter, except
that the defendant himself testifies that he was not actually
induced by any means to make any confession. It was some
time after these words were spoken before the defendant made
said confession; and when he made the confession he was not
in the custody or presence of either Walker or Schott, and
was in the presence of no one except the officer to whom he
made the confession.

The court below refused to give the following instruction
to the jury, to-wit: "The jury must treat the testimony of
the four witnesses mentioned in the defendant's affidavit for
continuance in the same manner, and to the same extent, as
if such witnesses had been present at this trial, and, as sworn
witnesses, had given such testimony from the witness stand."
There was no error in this refusal. The statute merely re-
quires that the facts alleged in such an affidavit should be
read and treated as the deposition of the absent witnesses;
(Gen. Stat. 689, § 317; id. 854, § 210.) And the affidavit in
this particular case was read in evidence merely upon the
agreement of the county attorney that it might be read to the
jury merely as the deposition of the said four witnesses.

The judgment of the court below will be affirmed.

All the Justices concurring.